UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------------------------------x

Deotha Woodburn,
Soung Lanaza,

**09-cv-20981**
**JAL-GARBER**

           Plaintiffs,

**AMENDED**
**COMPLAINT**

     -against-

Secretary of State of Florida, George A. Sheldon,
State of Florida Department of Children and Family Services,
State of Florida Department of Social Services southern Region,
Nakeitha Sweeting Hodrick – Vice- President & Director of Operations-
of (Kids Hope United, Inc.), (Our Kids Inc.),

                        Defendants,
------------------------------------------------------------------------x

I, Deotha Woodburn, being duly sworn depose and declare the following:

1. That I am standing on my own behalf as a sovereign divine being under the United States Constitution and Common Law in this action and assert all rights therein.

2. That I stand on the truth, the whole truth and nothing but the truth. All else is null and void and have no relevance in this action. That I, Deotha Woodburn have a stated interest in the outcome of this dispute.

3. That I, Deotha Woodburn am the legal custodian for the minor child Soung Lanaza and stand on her behalf in this action. That the minor child Soung Lanaza came to New York under the Foster Care Interstate compact Agreement from the State of Florida in 1999.

4. That at the time minor child Soung Lanaza was delivered to the home and care of Deotha Woodburn; the home had been approved as a Family Foster Home.

5. That the minor child Soung Lanaza has been medically diagnosed as multiple disabled: Spastic Cerebral Palsy; Seizures; Shunt Hydrocephaly; uses a walker, wheelchair and is mildly mentally retarded.

6. That upon receipt of minor child Soung Lanaza, Deotha Woodburn's maternal niece as a Foster Child, the minor child plaintiff Soung

Lanaza, Deotha Woodburn was given written permission through State of Florida Children & Family Service's Interstate Compact agreement, medical and financial plan authorization to apply for Social Security Insurance benefits on behalf of the minor child Soung Lanaza. (**Title IV-E Foster Care and Adoption Subsidy.**) **Deotha Woodburn have never waived her rights in this regard.**

7. At that time, there came about a fraudulent conspiracy, on the part of the defendants to deny the rights of plaintiff(s). Defendant Secretary of State of the State of Florida who is responsible for oversight of all Corporations both Municipal and Domestic; Defendant George A. Sheldon, Commissioner of State of Florida Department of Children & Family Services; Defendant State of Florida Department of Social Services – Southern Region; Defendants Nakeitha Sweeting Hodrick – Vice- President & Director of Operations-of Kids Hope United, Inc; Defendant Our Kids Inc.

Plaintiff, Deotha Woodburn a sovereign divine being, standing on her own behalf and on behalf of the minor child Soung Lanaza under the United States Constitution, the State of Florida Constitution, Social Security Laws and Common Law, complaining of the defendants that after being given legal custody of the minor child Soung Lanaza and gaining all rights therein, the defendants acting in concert and under the "color of state law, set in motion actions that would deny plaintiffs rights guaranteed to them. Defendants set in motion a series of misrepresentations and acts that have caused plaintiff(s) injuries. Thus plaintiff(s) upon information and belief alleges the following:

## AS AND FOR A FIRST CAUSE OF ACTION

1. At all times herein mentioned, Deotha Woodburn is a resident of the County of Kings, City and State of New York;

2. At all times herein mentioned, Soung Lanaza is a resident of the County of Kings, City and State of New York;

3. At all times herein mentioned, Defendant Secretary of State of Florida

was and is a municipal Government duly organized and existing under

the constitution of the State of Florida;

4.  At all times herein mentioned, Defendant Secretary of State of Florida

was and is a municipal Government duly authorized to do business

within the State of Florida;

5.  At all times herein mentioned, Defendant Secretary of State of Florida

transacts business within the State of Florida;

6.  At all times herein mentioned, Defendant George A. Sheldon is the

commissioner of the State of Florida Department of Children and

Family Services;

7.  At all times herein mentioned, Defendant George A. Sheldon

resides in the State of Florida;

8.  At all times herein mentioned, Defendant State of Florida Department

of Children & Family Services, was and is a municipality

corporation duly organized and existing under the Constituution of the

State of Florida;

9.  At all times herein mentioned, Defendant State of Florida Department

of Children & Family Services was and is a municipal corporation

duly authorized to do business within the State of Florida;

10. At all times herein mentioned, Defendant State of Florida Department

of Children & Family Services, transacts business within the State of
Florida;

11. At all times herein mentioned, Defendant State of Florida Department
of Social Services, Southern Region, was and is a municipality
corporation duly organized and existing under the Constitution of the
State of Florida;

12. At all times herein mentioned, Defendant State of Florida Department
of Social Services, Southern Region, was and is a municipal
corporation duly authorized to do business within the State of Florida;

13. At all times herein mentioned, Defendant State of Florida Department
of Social Services, Southern Region, transacts business within the
State of Florida;

14. At all times herein mentioned, Defendant Nakeitha Sweeting Hodrick
Vice-President and Director of Operations - of Kids Hope United, Inc.
was and is a domestic corporation duly organized and existing under
the laws of the State of Florida;

15. At all times herein mentioned, Defendant Defendant Nakeitha
Sweeting Hodrick Vice-President and Director of Operations - of Kids
Hope United was and is a municipal corporation duly authorized to do
business within the State of Florida;

16. At all times herein mentioned, Defendant Defendant Nakeitha Sweeting Hodrick Vice-President and Director of Operations - of Kids Hope United transacts business within the State of Florida;

17. At all times herein mentioned, Defendant Our Kids Inc., was and is a domestic corporation duly organized and existing under the laws of the State of Florida;

18. At all times herein mentioned, Defendant Our Kids Inc., were and are a domestic corporation duly authorized to do business within the State of Florida;

19. At all times herein mentioned, Defendant Our Kids Inc., transacts business within the State of Florida;

20. Plaintiff(s) alleges that in 2002, plaintiff Deotha Woodburn received Communication from the Social Security Administration located in Miami Florida that based on the information presented to them, that the Department of Children & Family Services would become the representative payee for the minor child Soung Lanaza. This act was the first of many actions and omissions that have culminated in a conspiracy to defraud plaintiff(s) of their constitutional rights. Plaintiff(s) was never given notice of these actions and others, thus being denied due process and equal protection rights guaranteed by

the constitution, plus violation of **Titles II, VIII and XVI**; **(Compilation of Social Security Laws)**: (**Civil Monetary Penalties and Assessments for Titles II, VIII and XVI.) Social Security Act Section 1129. [42 U.S.C. 1983];[42 U.S.C. 1320a-8] (a)(1): any person (including organization, agency, or other entity who- (A): makes, or causes to me made, a statement or representation of a material fact, for use in determining any initial or continuing right to or the amount of monthly insurance benefits under Title II or benefits or payments under Title VIII or XVI, that the person knows or should know is false or misleading…(B), (C)…, Plus other high crimes, felonies & misdemeanors.**

21. Plaintiff(s) were never given due notice by the Department of Children & Family Services that the medical and financial support plan authorized under the Interstate Compact Unit of DCF was changed or modified or for what purpose: These actions amounting to violation of Due Process and Equal Protection of the Law, plus other wrongs;

22. Defendants, acting under the "color of state law" and through arbitrary and capricious acts did authorized the termination of the minor child Soung Lanaza's Social Security Insurance Disability payments to plaintiff(s). Plaintiff(s) allege that defendants, acting under the "color of state law" entered into a fraudulent conspiracy to deny plaintiff(s) legal rights authorized by a court order which was never rescinded through a proper and legal fair hearing;

23. Upon realizing these illegal acts by the State of Florida Department of

Children & Family Services, Kids Hope United and Our Kids Inc. when privatization for Foster Care services went into effect in 2005 in the State of Florida, plaintiff(s) contacted defendants about these false filings, false statements and misrepresentations, without any redress;

24. Defendants, acting under the "color of state law" violated a court order issued by Eleventh Judicial Circuit in and for Miami – Dade County, Florida Juvenile Dependency Division of which DCF initiated. At that time DCF commenced an action under Index # 94-15109 D003 to terminate their agency (DCF) supervision of the minor child Soung Lanaza, who was that time under Foster Care with Maternal Aunt /Foster Parent Deotha Woodburn in New York City;

25. At that time, Deotha Woodburn became custodial and legal guardian of the minor child Soung Lanaza after DCF relinquished custodial responsibilities; plaintiff(s) alleges that DCF, acting under the "color of state law" conspired with other defendants, captioned, to arbitrarily violate the Courts' order, that they initiated, without due process and with malicious intent and causing plaintiff(s) to suffer therefrom;

26. Upon information and belief, the defendants, acting under the "color of state law" have fraudulently gained from monies intended for plaintiff(s) via Social Security Administration; thus defendants have

engaged in fraud, theft of property, due process violation, undue enrichment, conspiracy to defraud, willful and wanton theft of monies, false written statements, illegal filings, discrimination under the Americans with Disabilities Act, money laundering, forgery, embezzlement and misappropriation of funds rightfully destined for plaintiff(s);

27. The aforementioned occurrence took place while defendants were acting under the "color of state law" and in negligible wrongs against Deotha Woodburn & Soung Lanaza, plaintiff(s);

28. The aforementioned occurrence took place while defendants, acting under the "color of state law" acted in wanton and malicious disregard for the laws governing Foster Care and Social Security benefit payments and in conspiracy thereof in furtherance of denying a right to Deotha Woodburn and Soung Lanaza guaranteed by the United States Constitution and the Social Security Administration Laws;

29. The aforementioned occurrence and the resulting injury thereof were due to and caused by the joint, several and concurrent conspiracy of the defendants, their agents, servants, employees and/or licensees in malicious, careless and reckless disregard for Deotha Woodburn & Soung Lanaza's property and financial rights;

30. Because of the above, plaintiff(s) Deotha Woodburn & Soung Lanaza was caused to sustain injuries, loss of property and financial interest and to have and continue to suffer emotional and mental anguish; that these injuries and their effects will continue and as a result of said injuries plaintiff(s) Deotha Woodburn & Soung Lanaza has been caused to incur, and will continue to incur, loss of monies rightfully belonging to plaintiff(s) and that plaintiff Soung Lanaza will continue to be denied monies needed for her care and maintenance;

31. This action falls within the rules set under the Florida State Constitution, Federal Rules of Civil Procedures and Social Security Administration Laws, which plaintiff(s) herein asserts. At no time did plaintiff(s) waive their rights to due process & the equal protection guaranteed by the Constitution of the United States of America or the Laws of the Social Security Administration;

32. As a result of the foregoing, plaintiff(s) Deotha Woodburn & Soung Lanaza has been damaged and denied Social Security payments since 2002 to the present. Plaintiff(s) demand these payments which they are entitled to, plus punitive damages in the amount of One (1) Million Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs numbered "1" through "32" with the same force and effect as if more fully set forth at length herein;

34. The aforementioned occurrence took place due to the willful, wanton and intentional acts and/or omissions of the Defendants and the employees, agents, servants and/or licensees of Defendants, all of whom were acting within the scope of their authority and within the scope and in the furtherance of the conspiracy to deny Deotha Woodburn & **Soung Lanaza** their rights to property and monies;

35. The acts complained of herein constitute intentional inflection of emotional harm, malfeasance of office, theft of property, and monies.

36. Because of the above stated occurrence, Plaintiff was caused to sustain injuries and to have suffered mental and emotional anguish and loss of property and monies; that these injuries and their effects are continuing; and as a result of said injuries, Plaintiff was, and will continue to be, rendered unable to live comfortable and has sustained a resultant loss therefrom;

37. As a result of the foregoing, Plaintiff Deotha Woodburn & soung Lanaza was damaged and denied Social Security payments since

2002 to the present. Plaintiff(s) demand these payments which they are entitled to, plus punitive damages in the amount of One (1) Million Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

38. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "33 "through "37 "above with the same effect as if more fully set forth at length herein;

39. Defendant Kids Hope United Inc., acting under the "color of state law" denied plaintiff(s) in their 2009 Foster Parent Law Implementation Plan Section (8) (a) Notification – the right to be notified of scheduled meetings and staffing concerning the Foster Child so that Foster Parent can actively participate in the case planning and decisions regarding the Child (Soung Lanaza) in care, including individual service planning meetings, administrative case reviews, interdisciplinary staffing and individual education planning meetings; the right to be informed of decisions made by any courts or the child welfare agency concerning plaintiff (Soung Lanaza);

40. The minor child Soung Lanaza is (15) fifteen years old; long term custody was granted to Deotha Woodburn February 26, 2002, but Deotha Woodburn received physical custody of the minor child

Soung Lanaza on August 1, 1999, through the State of Florida

Department of Children & Family Services' Interstate Compact Unit;

41. Deotha Woodburn was charged with the physical care of Soung

Lanaza. Department of Children & Family Services provided basic

Florida Payment for Foster Care and its responsibilities. The amount

allotted is $1,200.00 dollars monthly;

42. Plaintiff(s) was informed by case worker for New York City

Administrative Children Services that she was entitled, as custodial

guardian, to receive the Social Security Insurance benefits that are

being illegally received by Department of Children & Family

Services, State of Florida;

43. The minor child Soung Lanaza is multiply disabled and is in need of

these entitlement funds that are being denied her by the illegal

activities of the Defendants; at no time did plaintiff(s) waive their

rights to any entitlement due them under court order;

44. Plaintiff(s) made application with New York City Social Security

Administration in 1999 for the additional funds needed for the care

and maintenance of the minor child Soung Lanaza and was awarded

the funds under the Interstate Compact agreement by Department of

Children & Family Services; this agreement was dated Mar. 3, 1998.

45. These funds was then seized by Department of Children & Family Services of the State of Florida who on July 23, 2002 made themselves Representative Payee without leave of the court and in violation of an order issued by the Eleventh Judicial District Circuit Court on February 25, 2002; this petition was presented to the Court by Department of Children & Family Services who relinquished their custodial rights to plaintiff Soung Lanaza and plaintiff Deotha Woodburn became full custodial parent by order of the Court – who then closed the case;

46. Defendant Department of Children & Family Services had no legal authority to rescind the Court's order and make themselves representative payee and is in violation of State and Federal Laws;

47. Defendant Department of Children & Family Services, acting under the "color of state law" privatized in 2004 and Our Kids Inc. became representative payee in 2009, without leave of the Court and in violation of the Courts' order issued February 25, 2002;

48. Plaintiff(s) have acted in good faith trying to resolve this matter with the Defendants who steadfastly have given false statements and misleading information to plaintiff(s);

49. Plaintiff(s) have had numerous conversations – via telephone –with

Nakeitha Sweeting Hodrick – Vice-President & Director of Operations, Mr. Christopher Koester – Director of Administrative Services, Mrs. Lori Scott – Secretary of the Board of Directors of Kids Hope United, Ms. Lisa Moye – Interstate Compact Unit State of Florida under Department of Children & Family Services: Lisa Moye is the Case Worker for the minor child Soung Lanaza for the State of Florida, Interstate Compact Unit. These conversations have failed to resolve the dispute. In fact, Deotha Woodburn is the sole custodial parent with all rights therein; Ms. Sharon Joycelyn who is case worker for Soung Lanaza in New York State Interstate Compact Unit; General Master Kallman of the Circuit Court of the Eleventh Judicial Circuit in and for Miami – Dade County, Florida Juvenile Dependency Division and Judge Sayfie Circuit Court of the Eleventh Judicial District in and for Miami –Dade County, Florida's Juvenile Dependency Division;

50. All the above mentioned individuals except Judge Sayfie are unwitting and witting co-conspirators, acting under the "color of state law" in the denial of the rights of plaintiff(s) Deotha Woodburn and Soung Lanaza;

51. Defendants, acting under the "color of state law" have created unsupported commercial instruments that are being used to deprive

plaintiff(s) of monies rightfully meant for the care and maintenance of Soung Lanaza. Defendants, acting under the "color of state law" have used electronic media to send fraudulent unsupported commercial documents to New York State that are intended to deprive plaintiff(s) of their right to monies by fraudulent means;

52. To date, plaintiff(s) is being denied monies that are intended for the care of the minor child Soung Lanaza and these acts have caused the care of the minor child to be inadequate and have forced Deotha Woodburn to supplement the cost by borrowing monies from relatives & friends;

## AS AND FOR A FOURTH CAUSE OF ACTION

53. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs numbered "38" through "52" with the same force and effect as if more fully set forth at length herein;

54. The above mentioned occurrence, and the results thereof, was caused by the Joint, several and concurrent conspiracy of the Defendants and/or said Defendants' servants, agents, employees and/or any of them;

55. As a result of the fore-going, plaintiff was caused to sustain serious loss and to have suffered mental and emotional anguish; that these

injuries and their effects still continues; and as a result of said injuries, Plaintiff(s) has been caused to incur, and will continue to incur loss of properties and monies; and Plaintiff(s) was, and will continue to be rendered unable to live comfortable and have sustained a resultant loss therefrom;

56. As a result of the foregoing, Plaintiff Deotha Woodburn & soung Lanaza was damaged and denied Social Security payments since 2002 to the present. Plaintiff(s) demand these payments which they are entitled to, plus punitive damage in the amount of One (1) Million Dollars;

57. Upon information and belief, Defendants, acting in concert and under the "color of state law," have made false written statements, made illegal filings, conspired to defraud, violated a court order: criminal contempt, discriminated and denied the equal protection of the laws, endangered the welfare of a disabled minor child Soung Lanaza, created an hardship for plaintiff Deotha Woodburn through the illegal misappropriation of funds intending for the care and welfare of the minor child Soung Lanaza;

58. Because of the above stated occurrences, Plaintiff was caused to sustain injuries and to have suffered mental and emotional anguish

and loss of property and monies; that these injuries and their effects are continuing; and as a result of said injuries, Plaintiff(s) was, and will continue to be, rendered unable to live comfortable and has sustained a resultant loss therefrom;

## AS AND FOR A FIFTH CAUSE OF ACTION

59. Plaintiff(s) repeats and realleges each and every allegation set forth in paragraphs Numbered "53" through "58" above with the same force and effect as if more fully set forth at length herein;

60. That at all times herein mentioned, Defendants, acting under the "color of state law" was grossly criminal in its acts, omissions and activities in denying **Soung Lanaza & Deotha Woodburn** their rights and monies.

61. That as a result of the foregoing Defendants is liable to Plaintiff(s) for punitive Damages in the amount of One (1) Million Dollars.

62. That Plaintiff **Soung Lanaza & Deotha Woodburn** was denied rights guaranteed by the United States Constitution and the Laws of the Social Security Administration **Title IV-E Foster Care and Adoption Subsidy.**

63. That Plaintiff(s) **Soung Lanaza & Deotha Woodburn** is a victim of the aforementioned wrongs.

64. That this action is being commenced as these acts is a continuing crime

as **Soung Lanaza & Deotha Woodburn** is, to this date, without the Social Security Benefits they are entitled to.

65. As a result of the foregoing, Plaintiff was caused to sustain injuries and to have suffered mental and emotional anguish; that these injuries and their effects still continues; and as a result of said injuries Plaintiff(s) have been caused to incur, and will continue to incur, a loss of properties and monies; and Plaintiff(s) was, and will continue to be, rendered unable to live comfortable and has sustained a resultant loss therefrom;

66. That as a result of the foregoing, Plaintiff(s), **Soung Lanaza & Deotha Woodburn** was damaged and denied Social Security payments since 2002 to the present. Plaintiff(s) demand these payments which they are entitled to, plus punitive damage in the amount of One (1) Million Dollars

**WHEREFORE,** Plaintiff demands judgment against defendants on the first cause of action in an amount that is owed in back payment since 2002 to the present, plus punitive damage in the amount of One (1) Million Dollars; on the second cause of action in an amount that is owed in back payment since 2002 to the present, plus punitive damage in the amount of One (1) Million Dollars; on the third cause of

action in an amount that is owed in back payment since 2002 to the present, plus punitive damage in the amount of One (1) Million Dollars; on the fourth cause of action in an amount that is owed in back payment since 2002 to the present, plus punitive damage in the amount of One (1) Million Dollars; on the fifth cause of action in an amount that is owed in back payment since 2002 to the present, plus punitive damage in the amount of One (1) Million Dollars together with the costs for disbursements of this action. Plaintiff(s) demands a Jury Trial.

Dated:   Brooklyn, New York

November 16, 2009


Respectfully Submitted,

**Deotha Woodburn (Pro-Per)**
**937 East 56th Street, # 2A**
**Brooklyn, New York 11234**
**Tele: 347-865-3801/347-374-3370**

for the State of New York, appeared _Deotha Woodburn_ ✓
personally known to me, () or proved to me on the basis of satisfactory
evidence to be the person whose name is subscribed within this
instrument or represent thee person whose name is subscribed within this
instrument and acknowledged to me that he executed the same in his
authorized capacity, and that his signature on this instrument is true,
correct and certain.

Witness my hand and official seal.


**SEAL OF NOTARY** _Nefertiti Leach_

NEFERTITI LEACH
NOTARY PUBLIC, State of New York
No. 01LE6133211
Qualified in New York County
Commission Expires June 23, 2009

## *AFFIDAVIT OF SERVICE*

I, *[signature]* deponent,  swear/affirm under the penalty of perjury that I am over 18 years old and is not a party to this action and that on the ___ day of November, 2009 A.D., I served the attached **AMMENDED COMPLAINT** upon:

**Monica G. Simpson, Esq.**
**Chasin & Stinson**
**9100 S. DadeLand Blvd.**
**Penthouse 1, Suite 1704**
**Miami, Florida 33156**

**Craig S. Hudson , Esq.**
**Marshall, Dennehey, Warner, coleman & goggin**
**1 Ease Broward Blvd. Suite 500**
**Fort Lauderdale, Florida 33301**

**Cynthis A. Everett, Esq.**
**7700 N. Kendall Drive**
**Miami, Florida 33156**

By placing in a depository under the custody and control of the Post Master General in the County of Kings in the State of New York.

*[signature]*
**Deponent**

Sworn to before me this _16_ day

of November 2009.
*[signature]*
**Notary Public**

NEFERTITI LEACH
NOTARY PUBLIC, State of New York
No. 01LE6120211
Qualified in New York County
Commission Expires June 30, 20__