UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-20981-CIV-JAL

DEOTHA WOODBURN,
SOUNG LANAZA,

      Plaintiffs,

v.

SECRETARY OF STATE OF
FLORIDA,  et al.,

      Defendants.

_____/

## ORDER REGARDING PLAINTIFFS'
## MOTION FOR APPOINTMENT OF COUNSEL AND
## MOTION TO PROCEED IN FORMA PAUPERIS

This cause is before the Court upon Plaintiffs' Motion to Appoint Counsel (DE #

84).  The Motion has been referred to the undersigned by the Honorable Joan A. Lenard,

United States District Judge (DE # 85).  Also pending before this Court are the Motions to

Dismiss Plaintiffs' Amended Complaint filed by Defendants Our Kids, Inc. (DE # 44),

Nakeitha Sweeting Hodrick and Kids Hope United, Inc. (DE # 45), Secretary of the State

of Florida, Kurt S. Browning (DE # 46) and, George A. Sheldon, State of Florida

Department of Children and Family Services and State Department of Children & Family

Social Services Southern Region (DE # 48).  The Plaintiffs have filed Responses to the

Defendants' Motions to Dismiss (DE # 54).  The District Judge has referred the Motions

to Dismiss to the undersigned (DE # 47, 49).

After careful consideration of the Parties' submissions, the relevant case law, the

record as a whole, and for the reasons stated below, it is ordered that Plaintiff Deotha

Woodburn's Motion to Appoint Counsel (DE # 84) be held in ABEYANCE, until it is

determined whether Plaintiffs may proceed in forma pauperis in this action.  In addition,

it is ordered that Defendants' Motions to Dismiss be STAYED, pending the appointment or retention of counsel for Minor Plaintiff Soung Lanaza.  It is further ordered that Plaintiff Deotha Woodburn may file a Motion to Proceed In Forma Pauperis in this matter on behalf of herself and the Minor Plaintiff within twenty-one days from the date of this Order.

## I. BACKGROUND

This matter was initiated when the Plaintiffs Deotha Woodburn ("Ms. Woodburn") and Soung Lanaza ("Minor" or "Child") filed a pro se action in the United States District Court, Eastern District of New York against the Secretary of the State of Florida, George A. Sheldon, State of Florida Department of Children and Family Services ("DCF"), State of Florida Department of Social Services Southern Region, Nakeitha Sweeting Hodrick as Vice President and Director of Operation of Kids Hope United, Inc., Our Kids, Inc., and Kids Hope United Inc., (collectively "Defendants") alleging that the Defendants acted in collusion with other parties to deny Plaintiff Soung Lanaza, a disabled minor, certain Social Security ("SSI") benefits in violation of the Fifth and Fourteenth Amendments (DE # 1).[1]

Pursuant to 28 U.S.C. § 1406 (a), the case was transferred from the United States District Court for the Eastern District of New York to the United States District Court for the Southern District of Florida because none of the Defendants resided in that district and none of the events alleged in the Complaint occurred in that district (DE # 3).  Prior

---

[1] According to the original two-page Complaint, the Minor Plaintiff, Soung Lanaza, was unable to sign the Complaint due to her special needs condition of "mild Retardation and Multiple Disabilities." (DE # 1 at 2).  In addition, the Complaint alleges that in February of 2002, the Eleventh Judicial District in and for Miami Dade County issued a court order granting Plaintiff Deotha Woodburn, as the maternal aunt, long-term custody of her minor niece, Soung Lanaza.

to the matter being transferred to this District, Plaintiff Deotha Woodburn filed a Motion to Proceed in Forma Pauperis in the Eastern District of New York (DE # 2). In the Order of Transfer, the United States Magistrate Judge reserved the ruling on the application to proceed in forma pauperis for this Court (DE # 3 at 2).

Sometime after the matter was transferred to this District, Plaintiffs filed an Amended Complaint (DE #40). Each of the Defendants filed Motions to Dismiss Plaintiffs' Amended Complaint on various grounds including Eleventh Amendment Immunity, Statute of Limitations and failing to properly state certain causes of action (DE ## 44, 45, 46, 48). Plaintiffs filed Oppositions to each of the Motions to Dismiss, all of which are nearly identical, save their reference to the respective Defendants (DE ## 54, 71, 72, 73, 74).

On June 24, 2010, the undersigned held a hearing on the Motions to Dismiss (DE ## 75, 77), wherein, among other things, Plaintiff Deotha Woodburn made clear that she was asserting the claims in the Amended Complaint individually on her own behalf as well as on behalf of the minor child, Soung Lanaza. Specifically, Ms. Woodburn stated that she was asserting a claim for emotional distress on her own behalf because of the financial difficulties that she had experienced due to the reduction in certain benefit payments for her niece. At the conclusion of the hearing, the undersigned ordered the Parties to file certain supplemental materials in order that the Court could resolve the Motions to Dismiss. Both Parties timely filed their post-hearing submissions in compliance with the Court's directive.

Thereafter, Plaintiff Deotha Woodburn filed the currently pending Motion for Appointment of Counsel (DE # 84). The Defendants have not filed a response to the motion, and the time for doing so has elapsed.

3

II.    **LAW & ANALYSIS**

A. Motion for Appointment of Counsel

In the Motion for Appointment of Counsel, Ms. Woodburn asserts that she was injured in an accident and therefore needs legal counsel to represent her and the Minor Plaintiff in order to proceed in the instant litigation (DE # 84).  In support of the Motion, Ms. Woodburn has submitted various medical records, an Ambulance Dispatch Report and an Incident Report which reflect that on June 18, 2010, Ms. Woodburn tripped and fell at a grocery store and injured her neck, hip and knees. *Id.*

At the outset, the Court notes that although Ms. Woodburn's accident purportedly occurred on June 18, 2010, the instant Motion was filed after the June 24, 2010 hearing on the Defendants' Motions to Dismiss wherein Ms. Woodburn appeared telephonically to represent the Plaintiffs. At that hearing, Ms. Woodburn did not mention to the Court that she had recently been in an accident, or that she intended to request that counsel be appointed on behalf of the Plaintiffs.  In addition, the Motion requesting appointment of counsel fails to state that Ms. Woodburn's injuries are significant enough to prevent her from continuing to litigate this matter pro se.  Nevertheless, upon reviewing Ms. Woodburn's Motion, and the applicable statutes and case law, the undersigned has determined for the following reasons, Ms. Woodburn may not represent the Minor Plaintiff, and the Minor Plaintiff must either retain counsel or have court appointed counsel represent her in this matter.

Title 28 U.S.C.A. § 1654, "Appearance personally or by counsel" provides,  "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  In addition, Federal Rule of Civil Procedure 17,

4

provides,

> (c) Minor or Incompetent Person.
>
> > (1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:
> >
> > > (A) a general guardian;
> > >
> > > (B) a committee;
> > >
> > > (C) a conservator; or
> > >
> > > (D) a like fiduciary.
> >
> > (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Thus, Section 1654 permits a person to represent himself/herself in actions in Federal Court, and Rule 17 (c) provides that a representative may bring a suit on behalf of a minor or incompetent person in federal court, but neither section speaks to nor permits a non-attorney to represent a minor in court.  Indeed, Courts have consistently held that neither 28 U.S.C. § 1654 nor Fed.R.Civ.P 17(c)  permit a parent to represent its child in federal court.  *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581-82 (11th Cir. 1997).  *Accord Osei-Afriyie v. Medical College of Penn.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (neither section 1654 nor Rule 17(c) permit non-lawyer parent to represent child in federal court); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (same); *Meeker v. Kercher*, 782 F. 2d 153, 154 (10th Cir. 1986) (same).

In *Whitehurst v. Wal-Mart,* 306 Fed. Appx. 446, 448-49 (11th Cir. 2008) for example, the Eleventh Circuit affirmed a district court's dismissal of a pro se action brought by

5

non-lawyer parents on behalf of their son.  In so doing, the Eleventh Circuit stated,

> As an initial matter, any claim asserted on the son's behalf necessarily fails: while individuals have the right to proceed pro se, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."), and Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, Fed.R.Civ.P. 17(c), a non-lawyer parent has no right to represent a child in an action in the child's name. *See, e.g., Devine v. Indian River County School Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (holding "that neither 28 U.S.C. § 1654 nor Fed. R. Civ. P 17(c) ... permits a parent to represent his/her child in federal court."); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed.R.Civ.P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

*Id.* Accordingly, in this case although Ms. Woodburn may prosecute causes of action brought on her own behalf without benefit of counsel, she may not bring and prosecute causes of action on behalf of her minor niece, pro se.[2] *See Devine*, 121 F. 3d at 581 n.17.

Moreover, as stated by the Court in *Cheung, M.D. v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F. 2d 59, 61 (2d Cir. 1990),

> . . . it is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected. There is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian.
> . . .

---

[2] Although Ms. Woodburn only contends that she was granted long-term custody of the Minor Plaintiff, for purposes of the Court's analysis, the Court views Ms. Woodburn's posture in this matter as that of a guardian or parent.

> To allow guardians to bring pro se litigation also invites
> abuse. . . .In appropriate circumstances, of course, the
> district court may appoint counsel . . .

(Citations omitted). Therefore, the Minor Plaintiff herein must either obtain counsel or

have counsel appointed to represent her before proceeding further in this matter.[3]  In

order to ensure that the Minor Plaintiff's interests are protected, the Court will stay any

pending pre-trial Motions in this matter while the Minor Plaintiff obtains counsel to

represent her in this case.

In addition, as stated above, although Ms. Woodburn may proceed pro se on her

own claims, in the interests of judicial economy and in light of the fact that Ms.

Woodburn's claims are either derivative or identical to the claims asserted by the Minor

Plaintiff, the undersigned finds it appropriate to also stay any pending Motions related to

the claims brought by Ms. Woodburn on her own behalf until the Minor Child obtains

counsel.

As to whether Plaintiffs are entitled to have counsel appointed by the Court as

requested in the Plaintiffs' Motion, 28 U.S.C. § 1915 (e)(1) provides "the court may

request an attorney to represent any person unable to afford counsel."  However, it is

unclear from the current record whether either of the Plaintiffs lack the financial means

to retain counsel.  Thus, the Court will also hold the Motion to Appoint Counsel in

---

[3] Courts have allowed non-attorney parents or guardians to bring limited motions,
such as requesting appointment of counsel and in forma pauperis status, on behalf of
their minor children. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3rd Cir.
1998); *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 883 (3rd Cir. 1991); *Cheung v.
Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61-62 (2nd Cir. 1990); *Heilenbach v.
Consolidated School Dist. of 118*, No. 97-C-7519, 1998 WL 26164 (N.D. Ill. Jan. 20, 1998).
"To hold otherwise would effectively bar a minor pro se litigant from a means of
obtaining counsel to represent their claims." *Zhu v. Countrywide Realty Company, Inc.*,
148 F. Supp. 2d 1154 (D. Kan. 2001).  The Court therefore allows Plaintiff Woodburn to
pursue the Motion to Appoint Counsel on behalf of the Minor Plaintiff.

7

abeyance until after it is determined whether Plaintiffs are entitled to proceed in forma pauperis. The Court notes however that a finding that Plaintiffs may proceed in forma pauperis in this action does not necessarily require the appointment of counsel by the Court on behalf of the Plaintiffs because a civil litigant has no constitutionally guaranteed right to the assistance of counsel. *See e.g. Berrios v. New York City Housing Authority*, 564 F. 3d 130, 134 (2d Cir. 2009).[4] The Court will therefore first resolve the in forma pauperis issue and then will determine whether counsel should be appointed for either of the Plaintiffs.

### B. Motion to Proceed In Forma Pauperis

Title 28 U.S.C. § 1915(a) provides, in relevant part, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor."

As stated above, Plaintiff Deotha Woodburn previously filed a Request to Proceed in Forma Pauperis while this matter was pending in the Eastern District of New York (DE # 2).[5] Upon transfer of the case to this District on April 15, 2009, that Motion remained pending (DE # 3). On May 14, 2009, Plaintiffs paid the filing fee of $350.00 to the Clerk of

---

[4] The Court also recognizes that the inquiry for whether Plaintiff Woodburn will be appointed counsel upon a finding that she is unable to afford counsel differs from the inquiry regarding the appointment of counsel for the Minor Plaintiff if she is deemed to qualify to proceed in forma pauperis. *See Wenger v. Canastota Central School District*, 146 F.3d 123, 125 (2d Cir 1998) (opining that instead of focusing on the father's need for a lawyer, court should have recognized that the father was not allowed to represent his son, and should have focused on son's need for an attorney), *overruled on other grounds by Winkelman v. Parma City School District*, 550 U.S. 516 (2007).

[5] The form used by Plaintiff Woodburn for the Request is captioned for the Court in the Eastern District of New York and consists of eight questions regarding the declarant's financial status.

8

Court for the Southern District of Florida related to this action (DE # 5).[6]  Thus, it appears that Plaintiffs' initial in forma pauperis Motion was abandoned when Plaintiff Deotha Woodburn paid the filing fee and process was served in this action.

However, because Plaintiffs' current motion seeks the appointment of counsel, and Plaintiffs previously requested to proceed in forma pauperis, it appears that Plaintiffs once again seek to proceed in forma pauperis in the instant action. In addition, because Plaintiff Deotha Woodburn submitted a short form Request in the District Court of New York and did not provide significant detail regarding Plaintiffs' current financial status, the Court is unable to determine whether the Plaintiffs meet the in forma pauperis standard.  Accordingly, if Plaintiffs are now seeking to proceed in forma pauperis in this action, Plaintiff Deotha Woodburn is directed to complete and file the long form Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) for this District, made available on the website for the United States District Court for the Southern District of Florida under AO Forms # 239, a copy of which is attached to this Order.  Plaintiff Woodburn shall ensure that the information provided in the Form specifically identifies whether the income and/or financial information pertains to Plaintiff Deotha Woodburn or Minor Plaintiff Soung Lanaza.  Any application to proceed in forma pauperis must be filed on or before September 27, 2010.

        III.    CONCLUSION

        Therefore, based on a review of the record as a whole, and for the foregoing reasons it is **ORDERED** that:

        1. Plaintiff Deotha Woodburn may not represent the Minor Plaintiff Soung Lanaza

---

[6] The Motion to Proceed In Forma Pauperis was never listed as a pending motion in the CM/ECF system of this Court.

9

in this Action and the Minor Plaintiff may only proceed in this action with counsel. Plaintiff Deotha Woodburn may file an Application to proceed in forma pauperis on behalf of herself and the Minor Plaintiff on the appropriate form as described above on or before September 27, 2010.

2.  Plaintiffs' Motion for Appointment of Counsel is held in ABEYANCE until a determination is made by the undersigned regarding whether the Plaintiffs may proceed in forma pauperis in this action;

3. Defendants' Motions to Dismiss (DE ## 44, 45, 46, 48) are STAYED, pending the retention or appointment of counsel for Minor Plaintiff Soung Lanaza and the resolution of whether Plaintiffs may proceed in forma pauperis in this action.

**DONE AND ORDERED** in chambers in Miami, Florida on September 1, 2010.

Andrea M. Simonton

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
    All Counsel of Record via CM/ECF

AO 239  (01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

# UNITED STATES DISTRICT COURT
for the

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff/Petitioner* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant/Respondent* | ) | |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
### (Long Form)

| **Affidavit in Support of the Application** | **Instructions** |
|---|---|
| I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.  I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims. | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: _____ | Date: _____ |

1.    For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property *(such as rental income)* | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |

AO 239  (01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ | $ | $ | $ |
| Disability *(such as social security, insurance payments)* | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance *(such as welfare)* | $ | $ | $ | $ |
| Other *(specify)*: | $ | $ | $ | $ |
| **Total monthly income:** | $          0.00 | $          0.00 | $          0.00 | $          0.00 |

2.      List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |

3.      List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4.      How much cash do you and your spouse have? $ _____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

AO 239  (01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

5.   List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary
     household furnishings.

| Assets owned by you or your spouse | |
|---|---|
| Home *(Value)* | $ |
| Other real estate *(Value)* | $ |
| Motor vehicle #*1 (Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Motor vehicle #*2 (Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Other assets *(Value)* | $ |
| Other assets *(Value)* | $ |

6.   State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.   State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| | | |
| | | |
| | | |

AO 239  (01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

8.    Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your
      spouse.  Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the
      monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)*<br>Are real estate taxes included?   ☐ Yes  ☐ No<br>Is property insurance included?  ☐ Yes  ☐ No | $ | $ |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ | $ |
| Home maintenance *(repairs and upkeep)* | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation *(not including motor vehicle payments)* | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
| Homeowner's or renter's: | $ | $ |
| Life: | $ | $ |
| Health: | $ | $ |
| Motor vehicle: | $ | $ |
| Other: | $ | $ |
| Taxes *(not deducted from wages or included in mortgage payments) (specify):* | $ | $ |
| Installment payments | | |
| Motor vehicle: | $ | $ |
| Credit card *(name):* | $ | $ |
| Department store *(name):* | $ | $ |
| Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |

AO 239 (01/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ | $ |
| Other *(specify)*: | $ | $ |
| Total monthly expenses: | $          0.00 | $          0.00 |

9.  Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

    ☐ Yes     ☐ No       If yes, describe on an attached sheet.

10. Have you paid — or will you be paying — an attorney any money for services in connection with this case, including the completion of this form? ☐ Yes  ☐ No

    If yes, how much?  $ _____
    If yes, state the attorney's name, address, and telephone number:

11. Have you paid — or will you be paying — anyone other than an attorney *(such as a paralegal or a typist)* any money for services in connection with this case, including the completion of this form?        ☐ Yes   ☐ No

    If yes, how much?  $ _____
    If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of these proceedings.

13. Identify the city and state of your legal residence.

    Your daytime phone number:         _____
    Your age: _____    Your years of schooling:      _____
    Last four digits of your social-security number:      _____